IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA L. REYNOLDS                                                                                      PLAINTIFF

V.                                         CASE NO. 4:14-cv-00377-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                              DEFENDANT
Social Security Administration

**MEMORANDUM AND ORDER**

Plaintiff Donna Reynolds brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

**I.     PROCEDURAL HISTORY**

Ms. Reynolds protectively filed her application for DIB on July 29, 2011, alleging a disability onset date of January 16, 2009.[1] (R. at 20.) She alleged complications from a ruptured disc in her neck and back, tendonitis in her shoulder, severe depression, and a severe anxiety disorder. (R. at 193.) The Social Security Administration denied Ms. Reynolds's claims at the initial and reconsideration levels. (R. at 20.) On January 31, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 20.) At the hearing, Ms. Reynolds orally moved to amend her onset date to March 25, 2011, which the ALJ granted. (R. at 40.)

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

On March 27, 2013, the ALJ issued an unfavorable decision, denying Ms. Reynolds's claim. (R. at 17.) On May 12, 2014, the Appeals Council ("AC") denied her request for review. (R. at 5.) On August 22, 2014, the AC set aside its previous decision to consider medical records from the White River Medical Center Cardiology from March 29, 2014, and April 8-9, 2014. (R. at 2.) However, since Ms. Reynolds was only insured through September 30, 2012, the AC again denied her request for review. (R. at 1-2.)

On June 23, 2014, Ms. Reynolds filed a complaint against the Commissioner, appealing the ALJ's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On June 30, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 12; Def.'s Br., ECF No. 13; Pl.'s Reply Br., ECF No. 14.)

## II.   ADMINISTRATIVE PROCEEDINGS

Ms. Reynolds was forty-six years old at the time of the administrative hearing and had received her GED. (R. at 40-41.) She had past relevant work as a cook help, box machine offbearer, institutional cleaner, and packager. (R. at 29.) The ALJ applied the five-step sequential evaluation process to Ms. Reynolds's claims.[2] (R. at 21.) The ALJ found that Ms. Reynolds satisfied the first step because she had not engaged in substantial gainful activity. (R.

---

[2] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

at 22.) At step two, the ALJ found that Ms. Reynolds suffered from the severe medical impairments of depression NOS, post-traumatic stress disorder, pain disorder, dependent personality traits, and degenerative disc disease. (R. at 22.) At step three, the ALJ found that Ms. Reynolds did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 22.) Before proceeding to step four, the ALJ found that Ms. Reynolds had a residual functional capacity ("RFC") to perform light work. (R. at 24.) The ALJ limited Ms. Reynolds to "work where interpersonal contact is routine and superficial, more complex tasks are learned by experience, work requires little supervision for routine work, but detailed supervision for non-routine work." (R. at 24.) The ALJ found at step four that Ms. Reynolds was not capable of performing her past relevant work. (R. at 29.) At step five, the ALJ determined that there were jobs available in significant numbers in the national and local economy that Ms. Reynolds could perform, such as an office clerk or a sales clerk. (R. at 30.) Therefore, the ALJ found that Ms. Reynolds was not disabled. (R. at 30.)

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing

*Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.   DISCUSSION

Ms. Reynolds argues that substantial evidence does not support the ALJ's decision to deny her claim. (Pl.'s Br. 7, ECF No. 12.) Specifically, she argues that (1) substantial evidence does not support the ALJ's RFC determination regarding her physical and mental limitations, and (2) substantial evidence does not support the ALJ's step five determination because his hypothetical questions to the vocational expert ("VE") did not accurately reflect Ms. Reynolds's work limitations. (*Id.* at 7-14.)

### A.   THE ALJ'S RFC DETERMINATION

Ms. Reynolds argues that (1) substantial evidence does not support the ALJ's decision to omit including any physical limitations in his RFC assessment; (2) substantial evidence does

4

not support the ALJ's decision to rely on the fact that none of Ms. Reynolds's treating physicians rendered an opinion that Ms. Reynolds is disabled; and (3) substantial evidence does not support the ALJ's analysis of Ms. Reynolds's depression. (R. at 7-11.)

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence, but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

### 1. Physical Limitations

Ms. Reynolds first argues that the ALJ failed to "properly evaluate Appellant's severe pain symptoms and the effect on her ability to perform work . . . ." (Pl.'s Br. 12, ECF No. 12.) Since she cites *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), to support her claim, the Court construes this argument to claim that substantial evidence does not support the ALJ's credibility determination regarding Ms. Reynolds's allegations of disabling pain. (*Id.*). The Commissioner responded that substantial evidence supports the ALJ's credibility determination because "objective evidence shows that Plaintiff's conditions were controlled with treatment,

5

no physician restricted Plaintiff from working, and her daily activities demonstrated that her impairments were not disabling." (Def.'s Br. 6, ECF No. 13.)

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each *Polaski* factor as long as 'he considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Id.*

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The ALJ considered each of the reports in the record that Ms. Reynolds believes supports her position in making the determination that she can perform light work. (R. at 26.) While she argues that her activities of daily living support her allegations of pain, the ALJ considered both Ms. Reynolds's testimony and her Pain Questionnaire when making his

6

credibility determination. (R. at 26.) Therefore, substantial evidence supports the ALJ's credibility determination.

Ms. Reynolds argues that the ALJ improperly considered her lack of treatment for her chronic pain syndrome when she cannot afford medical insurance. (Pl.'s Br. 12-13, ECF No. 12.) The Commissioner argues that there is no evidence that Ms. Reynolds was ever denied medical treatment due to financial reasons. (Def.'s Br. 5, ECF No. 13.) Ms. Reynolds argues in her reply brief that she had to discontinue treatment for her back pain due to losing her insurance. (Def.'s Reply Br. 2, ECF No. 14.) An ALJ may not discount a claimant's pain because she is unable to afford proper treatment for it. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984) (citing *Stone v. Harris*, 657 F.2d 210 (8th Cir. 1981)). However, the ALJ did not do that here. Instead, the ALJ noted the conservative treatment from when Ms. Reynolds was being treated, as well as the results of her medical exams at the Family Clinic from after she lost her insurance. (R. at 26-27.) Overall, he concluded that Ms. Reynolds "clearly . . . has pain," but the pain is not as severe as she alleges. (R. at 27.) An ALJ may consider a claimant's conservative treatment in determining the claimant's credibility. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Substantial evidence supports the ALJ's conclusion.

Ms. Reynolds argues that the ALJ should not have based his RFC determination on the fact that the "record does not contain an[y] opinions from treating physicians indicating that the claimant is disabled or even has limitations greater than those described in this decision." (Pl.'s Br. 14, ECF No. 12 (emphasis omitted) (quoting R. at 28).) Nothing in the record

indicates that the ALJ solely decided this case based on the physician's opinions. Instead, the ALJ considered their opinions along with the entire record in making his RFC determination. Therefore, the ALJ properly considered the physician's opinions. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (holding that the ALJ should consider the treating physician's opinion in conjunction with the record as a whole).

### 2. *Mental Limitations*

Ms. Reynolds's only argument regarding her mental limitations is that the ALJ erred by not discussing the Global Assessment Functioning ("GAF") score placed on her by Samuel B. Hester, Ph.D., P.A. (Pl.'s Br. 15, ECF No. 12.) She claims that Dr. Hester gave her a GAF score of 50, and an estimated past year GAF score of 52. (*Id.*). The Commissioner responds that a low GAF score does not automatically mean that a claimant is disabled, and should be evaluated with the entire record. (Def.'s Br. 8, ECF No. 13.) Here, the ALJ considered Dr. Hester's assessment and assigned it "significant weight . . . because it is based on a thorough evaluation of the claimant and is consistent with the evidence of record as a whole." (R. at 28.) If the ALJ considers the medical assessment containing the GAF score, then the ALJ necessarily considered the claimant's GAF score. *Bradley v. Astrue*, 528 F.3d 1113, 1115-16 n.3 (8th Cir. 2008). Therefore, the ALJ did not commit a legal error.

### B.    STEP FIVE

Ms. Reynolds argues at Step Five that the ALJ asked hypothetical questions to the VE that were unsupported by the record. (Pl.'s Br. 17, ECF No. 12.) Since the ALJ's first

hypothetical matches the ALJ's RFC assessment, and the ALJ's RFC assessment is supported by substantial evidence, then substantial evidence supports the ALJ's hypothetical questions to the VE at step five.

## V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 29th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE